IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred J. Alsbrooks, | ) CIVIL ACTION NO. 2:14-4607-DCN-BM |
|     Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Sandra Pusey-Cameron, Timothy Stone, Jane Doe, John Doe, Present and Past Employees, and Affiliates of Fort Sumter National Monument, | ) |
|     Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as well as 5 U.S.C. § 7703(b)(2), which provides for judicial review of decisions of the Merits Systems Protection Board. Plaintiff is apparently an employee of the National Park Service, and styles his Complaint as one seeking a "temporary restraining order, preliminary injunction and permanent injunction." A serve order has been entered, but no Defendant has as yet made an appearance in the case.

Rule 65(b), Fed.R.Civ.P., which relates to issuance of a temporary restraining order, provides that the Court may issue a TRO without written or oral notice to the adverse party if (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the Movant before the adverse party can be heard in opposition; and (b) the Movant's attorney (or, here, the pro se movant) certifies in writing any efforts made to



give notice and the reasons why it should not be required.  Otherwise, issuance of a preliminary injunction under Rule 65(a), Fed.R.Civ.P. provides for issuance of a preliminary injunction only after notice to the adverse party.  Even assuming notice had been provided, however, after a review of Plaintiff's filings with the Court, the undersigned finds that he would still not be entitled to relief, as he has failed to meet the requirements for the issuance of an order for injunctive relief under either Rule 65(a) or Rule 65(b).

With respect to any claim for injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief.  The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)).  In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20.  All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346.  Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief". The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22).

Here, Plaintiff has failed to show entitlement to injunctive relief.  Plaintiff alleges that

2



2:14-cv-04607-DCN     Date Filed 01/09/15     Entry Number 12     Page 3 of 5

he works at the Fort Sumter National Monument, and that he received a notice of proposed suspension on October 22, 2014. Plaintiff alleges that the basis for his suspension is "unjust, unfounded," and is based on "subjective" decisions by one or more of the named Defendants. Plaintiff alleges that he is an African American, and that other employees who are not African Americans have engaged in conduct similar to what he is alleged to have done without similar consequences. Plaintiff also alleges that he has been subjected to false accusations, and to unjust and adverse disciplinary actions without "due process", including the denial of training opportunities. See generally, Complaint.

The fact that Plaintiff has made these allegations in his Complaint does not in and of itself establish a likelihood that he will succeed on the merits of his claims, or a likelihood of irreparable harm to him if an injunction is not granted. The Real Truth About Obama, Inc., 575 F.3d at 346-347. Nor does Plaintiff's filing establish that the balance of equities tips in his favor or that the issuance of an injunction would be in the public interest, as it is unknown at this point whether Plaintiff's allegations will be found to have merit. Plaintiff will be able to fully litigate these claims in his underlying action, and if the evidence presented to this Court through the prosecution of this action establishes that Plaintiff is entitled to relief, then an appropriate order and judgment can be entered at that time. However, as Plaintiff has failed to meet the standard for issuance of either a preliminary injunction or a temporary restraining order, it is recommended[1] that his motion be **denied**. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular

---

[1] A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

3



regard for the public consequences in employing the extraordinary remedy of injunction"].

        Plaintiff is referred to the Notice Page attached hereto

_____
Bristow Marchant
United States Magistrate Judge

January 9, 2015
Charleston, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

